Mr. Justice James
delivered the opinion of the Court :
This is an action of detinue for the -unlawful detention of a jewel alleged to be the property of the plaintiff. The declaration is as follows:
“The plaintiff, Mary J. Wiard, complains of the defendant, Henry Setnken, that he render to her a chattel of the value of $1,350, which he unjustly detains from her. For that whereas, heretofore, to wit, on November 1, 1875, at *478 the city of Washington, D. C., the said, plaintiff delivered to the defendant a certain chattel of her, the said plaintiff, to wit, a diamond locket, of the value of $1,350, to be redelivered to the said plaintiff whenever the' same should ■be required. Nevertheless the said defendant, although he was afterwards, to wit,' on the 1st day of June, 1888, requested by the plaintiff so to do, hath not as yet delivered the said chattel to said plaintiff, but so to do hath hitherto wholly refused, and still refuses and still unjustly detains the same from the said plaintiff; and the plaintiff ■claims a return of said chattel, or its value, and $100 for its detention.”
To this declaration the defendant interposed several pleas, ■of which, however, only the fourth is important for present consideration. So much of that plea as is drawn in question here is as follows:
“4. And for a further plea to the said declaration, the defendant says that the said chattel was by the plaintiff, who then' had possession thereof, pledged with him on or •about the 27th day of November, 1875, as security for the debt of her then husband, Norman Wiard, which debt still remains unpaid.”
This plea alleges distinctly that the real contract was •one of pledge, and that the right of the plaintiff to redemand possession had not yet arisen, since the debt remains unpaid.”
To this the plaintiff replied as folloivs:
“ The plaintiff, as to so much of the defendant’s fourth plea as pleads a pledge of said chattel by plaintiff to defendant, says that plaintiff was induced to make said alleged pledge by the fraud of the defendant.”
To this replication the defendant demurred, but the demurrer was overruled, and thereupon he rejoined the Statute of Limitations, to which rejoinder the plaintiffs in turn demurred. This demurrer has been ordered to be heard here in the first instance.
As this demurrer brings up the whole record, the court *479 .will examine whatever errors are apparent upon its face. It seems clear to ns that the demurrer of the defendant to ■the plaintiff’s replication of fraud in the procuring of the pledge averred by the defendant, should have been sustained. This replication constituted what in the language of pleading is termed a departure. It is a cardinal rule that the allegations of the pleader must be consistent with each other. The declaration must be supported by the replication; the plea by the rejoinder. Otherwise the issue joined upon th§ replication might be foreign to the cause of action declared upon.
The philosophy of it I take to be this, as stated by Mr. Chitty in his work on pleading: “If parties were permitted to wander from fact to fact, forsaking one to set up another, no issue could be joined, nor could there be any termination of the suit.” The replication must be such that it amounts to a fortification or repetition of the declaration. Thus, if to a declaration upon a bond the defendant pleads •a release the plaintiff may reply that the release was obtained by duress, and is, therefore, void. Here the replication is pefectly consistent with -the declaration, for the plaintiff, in effect, says: “Your defense is invalid, and therefore I repeat, as I said in my declaration, that you are liable upon this bond.”
Now, appty this docüine.to the case at bar. The plaintiff says in her declaration: “ I' voluntarily gave the defendant this locket in 1875 upon his promise to give it back when I asked for it. In 1888 I asked for it and he refused to give it back.” To which the defendant answers: “ You pledged this locket to be given to you again only upon payment of a debt; that debt has not been paid.” “True,” replies the plantiff, “ What I said in my declaration was false, but I now say that you induced me to make this pledge by your fraud.” This constitutes a distinct departure on the part of the plaintiff, and the defendant’s demurrer to the replication was, well taken and should have been sustained.
*480 The defendant’s rejoinder of the Statute of Limitations to this replication of fraud was well pleaded. The plaintiff contends, in argument, that this rejoinder was a departure on the part of the defendant, in that it set up a defense to an action of fraud, but it did not. The rejoinder simply said : “ Your cause of action, viz., your original cause of action, did not accrue within three years. Your declaration averred that your cause of action accrued in .1888; your replication avers that it accrued in 1875, when the admitted pledge was procured, as you say, by fraud. Since your replication discloses when your true cause of action arose, the statute is now for the first time properly pleadable to it.”
The plaintiff, in discussing this question, maintained that this rejoinder violated the rules of pleading, because it operated neither as a traverse nor as a plea in confession and avoidance. The Statute of Limitations has nothing to do, as I conceive, with these rules relating to the order and nature of pleadings. Where the pleader is stating the facts which make his case, these rules apply ; for they are designed to lead the parties on step by step in the unfolding of their transactions in due sequence until a single fact is asserted on one side and denied on the other. But the assertion of the statutory bar of limitations is independent of all this. The party pleading it says : “ Be the facts what they may, be the defenses what they might have been, since your cause of action arose in 1875, there shall be no action now with respect to these facts.” There is no traverse or confession and avoidance in pleading the Statute of Limitations. It is the simple assertion that the law commands that litigation shall stop, because it is out of time.
The rule which provides that the Statute of Limitations shall be set up by plea intends to enforce its interposition at the earliest stage of the pleading which discloses its applicability. The plea must not be deferred after this point is reached. It could not have been set up any earlier here *481 because the declaration stated a cause of action accruing in 1888. But when the replication set up, instead of a deposit, a pledge procured by fraud in 1875, for which a cause of action accrued in 1875, then for the first time the defendant could plead the Statute of Limitations, and the rule that it shall be pleaded as early as possible was complied with by the rejoinder.

We therefore overrule the plaintiff's demurrer to the rejoinder, and remand the case for fu/rther proceedings in accordance with this opinion.